DICKERSON *v.* STATE *ex rel.* MONAGHAN, COUNTY ATTORNEY.

(Division A. Feb. 2, 1931.)

[132 So. 88. No. 29081.]

**Blair & Anderson,** of Tupelo, for appellant.

**Bolton & Monaghan,** of Tupelo, for appellee.

**Cook, J.,** delivered the opinion of the court.

This suit was instituted in the chancery court of Lee county, Mississippi, in the name of the state of Mississippi, on the relation of the county attorney, against E. S. Dickerson, charging him with maintaining a nuisance in the city of Tupelo, Mississippi, in that he was occupying and operating a certain house known as the Dickerson Hotel in which prostitution and lewdness were permitted. The bill of complaint was returnable to the

March, 1930, rules, and prayed that the court hear an application for a temporary injunction within ten days from the date of the filing thereof, and that on the final hearing thereof the court declare the said Dickerson Hotel to be a place in which prostitution and lewdness are carried on and permitted, and therefore a nuisance, and that a decree be entered ordering the abatement of the nuisance and directing it to be closed for one year, and that the said Dickerson be declared to be operating a nuisance, and that he be permanently enjoined and restrained from operating or conducting a place of lewdness or prostitution either in such place or any other place in the first chancery court district of Mississippi.

By consent of all parties, the cause was set for hearing in vacation on April 28, 1930, and on that date was reset for May 3, 1930, but no hearing was had on either of said dates. Thereafter a supplemental bill was filed alleging that no order was entered in said cause when it was originally set for hearing, because the defendant, through his attorney, agreed that he would vacate the premises of which complaint was made in the original bill, and leave the jurisdiction of the court; that, although the said defendant vacated the premises and temporarily left the jurisdiction of the court, he had violated his agreement by returning to the city of Tupelo, Mississippi, and again engaging in the business of operating a boarding and rooming house, and that consequently the complainant was then entitled to a decree enjoining the defendant from operating or maintaining such a nuisance, as complained of in the original bill, anywhere within the First chancery court district of Mississippi. This supplemental bill prayed for an immediate hearing at a time to be fixed by the court, and that upon such hearing a temporary injunction be granted restraining the defendant from maintaining such a nuisance, or conducting such a business, as complained of in the original bill, and that upon the final hearing a permanent injunction

be granted as prayed for in the original bill of complaint.

On this supplemental bill summons was issued for the defendant returnable before the chancellor on June 16, 1930. On that date the defendant interposed a demurrer to the supplemental bill, which was overruled, and thereupon an answer to the original and supplemental bills was filed, and the cause proceeded to trial. Upon the voluminous proof offered by the respective parties, which was sharply conflicting, the court entered a decree reciting that the said E. S. Dickerson had removed from the premises complained of in the original bill, and therefore no order was granted closing said premises, and ordering that the defendant be enjoined from operating or maintaining a place where lewdness or prostitution exists anywhere within the First chancery court district ''until the next term of court, when the matter will be heard on the prayer of the bill for permanent injunction against the defendant.'' From this decree the defendant prosecuted this appeal.

Section 2868, Code of 1930, defines a nuisance as being any building, erection, or structure, or any separate part or portion thereof, or the ground itself, in or upon which lewdness, assignation, or prostitution is conducted, permitted, continued; or exists, and the personal property and contents used in conducting or maintaining any such place for any such purpose. Section 2870, Code of 1930, provides that an action to abate such a nuisance and enjoin the further maintenance thereof may be brought in the name of the state, upon the relation of the attorney-general of the state, the district attorney of the district, the county attorney, or any person who is a citizen of the county in which the nuisance is maintained; while section 2871, Code of 1930, confers upon the chancery court jurisdiction of such causes, and prescribes, in part, the procedure to be followed before the final hearing, and particularly where the bill of complaint contains an application for a temporary injunction. It is provided in

the latter section that upon good cause shown an ex parte restraining order may be issued restraining the defendant and all other persons from removing or in any manner interfering with the personal property and contents of the place where such nuisance is alleged to exist, "until the decision of the court granting or refusing such temporary injunction, and until the further order of the court thereon." It is further provided by sections 2872 and 2873, Code of 1930, that the defendant shall be given five days' notice of the time and place of the hearing of the application for a temporary injunction, and that "if, upon the hearing, the allegations be sustained to the satisfaction of the court, the court shall issue a temporary injunction restraining the defendants and any other person or persons from continuing the nuisance. When the temporary injunction has been granted, it shall be binding on the defendants throughout the chancery district."

Under the provision last above quoted, the only restraining order which the court is authorized to make is one restraining the defendant from continuing the nuisance, that is, the particular nuisance complained of in the bill of complaint, and by force of the express provision of this statute such an order itself, when made, is binding on the defendant throughout the court district. In the case at bar, no injunction was granted restraining the defendant from continuing the nuisance complained of, but the decree entered expressly found that the place complained of had been vacated by the defendant, and that for that reason no order in reference thereto was entered. The only restraining order entered was one enjoining the defendant from operating or maintaining a place where lewdness or prostitution existed anywhere within the court district, "until the next term of court, when the matter will be heard on the prayer of the bill for permanent injunction against the defendant, E. S. Dickerson," and this the court was not authorized to do

on the hearing of the application for a temporary injunction. The nature, character, and effect of the decree that may be entered upon the final hearing of the cause is not here involved, and upon that question we express no opinion. The decree of the court below will be reversed, and the cause remanded.

Reversed and remanded.